UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DEMETRIUS FLOWERS**                                                 **PLAINTIFF**

**VS.**                      **No. 3:07-CV00067 GTE**

**CRAIGHEAD COUNTY JAIL, in his official
and individual capacity; OFFICER FRENCH;
JOHN DOES 1-2**                                                       **DEFENDANTS**

## ORDER

Various motions are pending in this action, including: (1) Defendants' Motion to Dismiss Craighead County Jail; (2) Defendant French's Motion for Summary Judgment; and (3) Plaintiff's Motion for Appointment of Counsel; and (4) Defendants' Motion to Compel.

For the reasons stated below, the Court declines to appoint counsel for Plaintiff, concludes that Craighead County Jail must be dismissed because it is not an entity subject to suit, and concludes that Officer French is entitled to judgment as a matter of law. The Court's rulings require the dismissal of this lawsuit.

## OVERVIEW

Plaintiff Demetrius Flowers, proceeding *pro se*, filed this action on May 24, 2007. Plaintiff's hand-written Complaint alleges that two officers beat him in the head and then took him to the hospital. Plaintiff also alleges that Officer French saw the beating, but did nothing to assist Plaintiff.

Officer French is the only officer identified by name in the Complaint. The only other named Defendant is Craighead County Jail.

Elsewhere in the Complaint, Plaintiff contends that he was deprived of his medications

- 1 -

while incarcerated.  However, there are no allegations that Officer French deprived Plaintiff of his medications.   Instead, Plaintiff mentions an Officer by the name of "Gultry."  Officer Gultry is not named as a Defendant in this lawsuit.  The Court understands, however,  that Plaintiff has filed another lawsuit contending that Officer Gultry denied him his medications.  That lawsuit is styled *Demetrius Flowers v. T. Gultry, et al.*, Case No. 3:07-cv-00115 JMM/BD was filed on August 23, 2007.  It appears that Plaintiff's allegations against Officer Gulty in that case arise from the same incident.

Plaintiff may not pursue the same or similar allegations in separate lawsuits.  Because Plaintiff has not named Officer Gulty in this lawsuit, the Court holds that Plaintiff must pursue any allegations related to the alleged denial of medical attention by Officer Gulty in Case No. 3:07-cv-0115.  Thus, the only allegations before this Court are Plaintiff's claims against Craighead County Jail and Officer Kyle French.  Defendants have filed motions to dismiss both of those claims.

The Court will address separately each of the four pending motions.

**(1)     Plaintiff's Motion for Appointment of Counsel**

This Court has the authority, in its discretion, to appoint counsel to represent indigent plaintiffs.  *See* 28 U.S.C. § 1915.  One of the factors the Court considers in determining whether to appoint counsel is the complexity of the case and the merits of the litigant's claims from both a factual and legal standpoint. The issues presented are not complex.   At a minimum, Plaintiff should be able to tell the Court who did what to him.  Plaintiff has made no effort to controvert the facts sworn to by Officer French.  The Court, after considering all relevant factors, concludes that no counsel should be appointed at this time.

### (2)     Defendant Craighead County Jail's Motion to Dismiss

Craighead County Jail argues that it is not an entity subject to suit under 42 U.S.C. § 1983.  Plaintiff has not responded to the motion.

This Court must determine whether Craighead County Jail, the entity sued for violation of Plaintiff's constitutional rights, qualifies as a "person" such that it may be sued under 42 U.S.C. § 1983.  *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

Under Arkansas law, the Craighead County Jail has no separate legal existence. Accordingly, it has no capacity to sue or to be sued.   For the reasons well stated by the Defendant in its brief, the Court concludes that Craighead County Jail must be dismissed from this lawsuit.

### (3)     Defendant French's Motion for Summary Judgment

Officer Kyle French seeks judgment as a matter of law.  Plaintiff has not responded to Defendant French's motion. The Court notes Plaintiff's motion to appoint counsel was not filed until almost two months after Officer French filed his motion for summary judgment. Thus, the pendency of such motion does not excuse Plaintiff's failure to dispute the facts asserted by Officer French.

#### (A)     Facts Without Material Dispute

Officer French has submitted a Statement of Facts.  Because Plaintiff has not controverted those facts, they are deemed admitted.  Additionally, the Court notes that the facts as described by Officer French are not altogether inconsistent with the facts stated by Plaintiff in his Complaint.  The primary difference between the two versions is that Plaintiff alleges he was struck by other unidentified officers, while Officer French contends that Plaintiff was struck by an inmate.  Plaintiff does not allege that Officer French hit or injured him.  Thus, this factual

distinction is immaterial.

Officer French contends that he is employed with the Craighead County Sheriff's Department as a detention officer. He states that on April 12, 2007, while on duty, he was notified by inmates that another inmate within the pod had fallen and hurt himself. Officer French states that he entered the pod where he found the Plaintiff with a cut above his eye. Plaintiff reported to Officer French that he had slipped and fallen inside the cell. Officer French immediately removed Plaintiff from the pod and took him to Craighead County Detention Center medical staff for treatment.

The nurse who treated Plaintiff determined that he needed additional treatment at the local emergency room. Plaintiff was transported there for treatment. Meanwhile, Officer French conducted an investigation of the incident in an effort to determine what had actually taken place. Officer French reviewed a copy of the pod surveillance video and determined that Plaintiff's injuries had not occurred as he stated. Rather, the surveillance video revealed that Plaintiff had an altercation with another inmate. Officer French was told by the other inmate involved in the altercation that it was caused by Plaintiff's refusal to return a pen he had borrowed.

As a consequence of Officer French's investigative findings regarding the incident in question, Plaintiff and the other inmate involved in the altercation were both placed in administrative lock down for ten (10) days for violating the Craighead County Detention Center's rules regarding fighting.

Officer French states that prior to this incident, he had received no information and had no knowledge of an excessive risk to Inmate Flower's safety.

Officer French has submitted a sworn affidavit setting forth the facts above described.

**(B)** **Legal Analysis**

**(i)** **Failure to Protect**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. The Eighth Amendment has been interpreted to impose a duty on prison officials to "provide humane conditions of confinement" and prison officials must "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The United States Supreme Court has held that "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

To prevail on his Eighth Amendment Claim, Plaintiff must show that Officer French was deliberately indifferent to his right to be free from assault by another prisoner. *Elliot v. Byers*, 975 F.2d 1375 (8th Cir. 1992); *Falls v. Nesbitt*, 966 F.2d 375 (8th Cir. 1992). "Whether conduct constitutes deliberate indifference is a subjective, rather than an objective, determination." *Hott v. Hennepin County, Minnesota*, 260 F.3d 901, 907 (8th Cir. 2001)(*citing Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference")).

Additionally even if a prison official is aware of a substantial risk to inmate health or safety, he is not liable for resultant inmate harm under § 1983 unless he fails to respond reasonably to the harm, because the Eighth Amendment only requires prison officials to ensure "'reasonable safety.'" *Farmer,* 511 U.S. at 844-45, 114 S.Ct. at 1983 (omitting internal quotes and citations). "Whether one puts in it terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."

- 5 -

*Id.* at 845, 114 S.Ct. at 1983.

There are no facts to suggest the Officer French had any prior knowledge of an excessive risk to Plaintiff's safety. There are no facts to suggest that Officer French failed to act to ensure Plaintiff's "reasonable safety." The factual record before the Court compels only one conclusion – Officer French acted reasonably and cannot be found to have violated Plaintiff's constitutional rights.

### (ii) Denial of Medical Care

Deliberate indifference to medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prevail on a claim that Officer French was deliberately indifferent to his medical needs, Plaintiff must show (1) that he suffered from objectively serious medical needs and (2) that Officer French knew of, but deliberately disregarded his needs. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). Moreover, negligence alone is not sufficient to support a § 1983 claim. *Ervin v. Busby*, 992 F.2d 147, 151 (8th Cir. 1993).

It is not clear to the Court that Plaintiff even intends to assert a claim against Officer French for denial of medical care. To the extent he does, however, the facts alleged will not support a finding that Officer French was deliberately indifferent to Plaintiff's medical needs. Officer French attended to Plaintiff's by promptly escorting him to medical staff for evaluation and treatment. There are no facts in the record to support a medical indifference claim against Officer French.

In sum, the facts asserted by French, and uncontroverted by Flowers, will not permit a jury to find that Officer French violated Plaintiff's constitutional rights. Officer French is therefore entitled to judgment as a matter of law.

### (**4**)     **Plaintiff's Motion for Discovery**

Defendant French seeks to compel Plaintiff to respond to outstanding written discovery. In light of the Court's rulings above, the motion is moot.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff Demetrius Flowers' Motion for Appointment of Counsel (# 16) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT Defendant Craighead County Jail's Motion to Dismiss (# 7) be, and it is hereby, GRANTED.  Craighead County is hereby dismissed as a party defendant.

IT IS FURTHER ORDERED THAT Defendant Kyle French's Motion for Summary Judgment (# 9) be, and it is hereby, GRANTED.  The Court will enter a separate Judgment dismissing all claims against Officer Kyle French.

IT IS FURTHER ORDERED THAT Defendant Kyle French's Motion to Compel (# 20) be, and it is hereby, denied as MOOT.

IT IS SO ORDERED this   4th   day of October, 2007.

                                                   /s/Garnett Thomas Eisele
                                                  UNITED STATES DISTRICT JUDGE